UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRICKLAYERS UNION LOCAL NO. 6 ) | |
| OF INDIANA PENSION FUND, *et al.*, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CV-355-JVB-JEM |
| ) | |
| RV BUILDERS, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Vacate Entry of Default and Default Judgment [DE 20], filed on May 24, 2019, and on a Stipulated Request for Status Conference [DE 29], filed on August 14, 2020. For the following reasons, the Court grants the former motion and denies the latter motion as moot.

**PROCEDURAL BACKGROUND**

Plaintiffs initiated this cause of action by filing a complaint on September 1, 2017. A summons was issued on September 5, 2017. Plaintiffs filed a "Certificate of Service" on September 11, 2017, that had a signed Postal Service Domestic Return Receipt attached. (ECF No. 6). The receipt notes that the article was sent by certified mail, was addressed to RV Builders, 8810 Robin Court, Hickory Hills, IL 60457, and was received by someone whose name could be read as "Robert." The date of delivery line was not completed. Also left uncompleted was the answer to the question "Is delivery address different from [the address on the article of mail]?" A red ink stamp notes that the receipt was "received" on September 11, 2017. There is no indication of who the recipient on that date was.

Defendant did not file a responsive pleading or appear in the litigation. On October 6, 2017, Plaintiffs moved for a clerk's entry of default, which was entered on October 10, 2017. On

November 1, 2017, Plaintiffs moved for default judgment, which was granted on September 5, 2018. Judgment was entered on September 6, 2018.

On May 24, 2019, counsel appeared for Defendant and filed the instant motion to vacate the default and default judgment entered in this case, along with a supporting memorandum and affidavit. Plaintiffs filed a response in opposition on June 14, 2019, along with two declarations. Defendant filed a reply with two exhibits attached on June 20, 2019.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 provides that "the court may relieve a party or its legal representative from a final judgment . . . [if] the judgment is void." Fed. R. Civ. P. 60(b). A judgment is void if the Court did not have personal jurisdiction over the party against whom judgment was entered. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 854 (7th Cir. 2011). "valid service of process is necessary in order to assert personal jurisdiction over a defendant." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). A plaintiff bears the burden of demonstrating that the Court has jurisdiction over a defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

A *prima facie* showing of proper service requires a return of service naming the recipient, date, and location of service. *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010). This showing puts the opposing party on notice of the evidence that must be rebutted. *Id.* After the *prima facie* case is made, a defendant bears the burden to rebut the presumption of service by "strong and convincing evidence." *Id*. Once the *prima facie* case is disputed, the party asserting personal jurisdiction bears the burden of proving jurisdiction. *Durukan America, LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163-64 (7th Cir. 2015).

2

When service is made in a judicial district of the United States, a corporation (which RV Builders represents itself to be with no rebuttal from Plaintiffs) must be served either by following (1) the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1).

The disputed service was purportedly made by certified mail in Illinois, and this district court is located in Indiana. Illinois state law provides that a private corporation may be served "(1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law." 735 Ill. Comp. Stat. Ann. 5/2-204. Service of a private corporation by certified mail is not allowed under Illinois state law. *See id.*, *Brown v. Bureaus Inv. Grp. Portfolio No. 15 LLC*, No. 4:19-CV-38, 2020 WL 4059196, at *3 (N.D. Ind. July 20, 2020); *Clayborn v. Walter Inv. Mgmt. Corp.*, No. 18-cv-3452, 2019 WL 1044331, at *3 (N.D. Ill. Mar. 5, 2019).

In Indiana, a domestic organization can be served on the organization's executive officer in the same manner as service upon an individual. Ind. R. Trial P. 4.6(A)(1), (B). An individual, in turn, can be served *inter alia* by "sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter." *Id.* at 4.1(A)(1).

## ANALYSIS

The purported service was made on Defendant by certified mail. *See* (Cert. Service 2, ECF No. 6). This method of service is not permitted by the federal rule or by Illinois state law, but it is permitted by Indiana state law.

The Court's first step is to determine whether Plaintiffs have made a *prima facie* case that service was made, and the Court concludes that no such case has been made. The Seventh Circuit Court of Appeals has dictated that the *prima facia* case must include the recipient, date, and location of the service. Though the receipt lists the recipient as a name that could be interpreted as "Robert," neither the date of delivery nor the location of delivery is indicated on the postal service form. The red ink stamp indicating "received 9/11/2017" appears to be a later addition to the document, but even if it were original, the location of delivery—that is, the location of service— is not provided. Thus, the *prima facie* case has not been made. Because Plaintiffs have not shown that this Court has personal jurisdiction over Defendant, the entry of default and default judgment must be vacated.

The Court, therefore, need not proceed to determine whether the purported service was to Defendant's officer's "residence, place of business or employment" in accordance with the Indiana state rule, whether the officer's signature was forged on the receipt, or whether the service was technically defective but should nonetheless be deemed sufficient because it was reasonably calculated to inform the person to be served. *See* Ind. R. Trial P. 4.15(F); *Swaim v. Moltan Co.*, 73 F.3d 711, 721 (7th Cir. 1996).

Because this Opinion and Order resolves the motion to vacate, the stipulated request for a hearing on the status of the motion to vacate is denied as moot.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion to Vacate Entry of Default and Default Judgment [DE 20] and **DENIES as moot** the Stipulated Request for Status Conference [DE 29].

The Court **VACATES** the Clerk's Entry of Default [DE 8], Order [DE 11], and Judgment in a Civil Action [DE 12].

SO ORDERED on September 2, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
